UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRETTE OUTDOOR LIVING, INC.

        Plaintiff,

v.

MICHIGAN RESIN REPRESENTATIVES, LLC;
JOHN H. LEMANSKI, JR.; LISA J. WELLS; and
TAMARA L. TURNER

        Defendants.

Case No. 11-13335
Honorable Julian Abele Cook, Jr.

ORDER

The Plaintiff, Barrette Outdoor Living, Inc. ("Barrette Outdoor"), commenced this action on July 29, 2011, by accusing the Defendants, Michigan Resin Representatives, LLC ("Michigan Resin") et al, of a variety of tortious activities (i.e., fraud, violations of fiduciary responsibilities, interference with an ongoing business activity, conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.). On March 22, 2012, the Defendant, John H. Lemanski Jr., filed a counter-complaint, in which he alleged that Barrette Outdoor had violated the terms of its contractual obligations.

Now pending before the Court are two motions by Barrette Outdoor: (1) an application for the entry of a summary judgment as it applies to Lemanski's counterclaim, and (2) a request for the entry of sanctions as well as an award of attorneys' fees and costs under Rule 11. (ECF 80 and 81).

I.

Barrette Outdoor is an Ohio corporation that manufactures and sells outdoor accessory products to the general public. On October 10, 2007, Lemanski was initially employed by Barrette Outdoor for employment as a senior buyer at its Flint, Michigan facility. He was later promoted to the position of purchasing manager. However, Barrette Outdoor eliminated his position and, as a consequence, terminated Lemanski's employment. He was personally informed of this decision by Christine McCann, Barrette Outdoor's Human Resources Manager, on June 14, 2011 who presented him with a written "Separation and Release" offer that had been signed by her. Significantly, this document stated that "[t]his separation and release offer is valid until Midnight, July 17, 2011." It also provided the following method of acceptance:

> PLEASE INDICATE YOUR ACCEPTANCE OF THE TERMS OF THIS AGREEMENT BY EXECUTING THE SIGNATURE PAGE OF THIS LETTER AGREEMENT AND RETURNING IT TO: Christine M. McCann, Human Resources Manager, Barrette Outdoor Living, Flint Division, 3200 Robert T. Longway, Flint, Michigan 485-4.

Lemanski did not immediately sign the "Separation and Release" document. However, during the afternoon of June 14, 2011, Lemanski called McCann, and expressed his dissatisfaction with the terms of the offer, and submitted a verbal counter-proposal; to wit, an additional amount of health insurance, as well as an increase of $5,000. McCann demurred, contending that she was not authorized to change the terms of Barrette Outdoor's initial offer. However, she stated that she would forward his proposals to Barrette Outdoor's General Manager (Todd Dixon), and Barrette Outdoor's Human Resource Director Rick Fior.

Several days later (June 16, 2011), Lemanski transmitted an email message to McCann with extensive proposed revisions to the original offer. His proposals were not accepted by McCann. On

June 17, 2011, McCann informed Lemanski that Barrette Outdoor had revoked its offer. Several weeks later (July 14, 2011), Lemanski mailed a copy of the offer that reportedly had been signed by him on June 17, 2011, and received by McCann on the following day. However, Barrette Outdoor responded to Lemanski's "acceptance" by advising him that its offer had expired and, as a consequence, his effort to accept it was flawed and invalid.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S.

at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

In its dispositive motion, Barrette Outdoor submits that it is entitled to the entry of a summary judgment on Lemanski's claim for breach of contract. Barrette Outdoor submits that it revoked its offer before Lemanski attempted to accept it. "A simple offer may be revoked for any reason or for no reason by the offeror at any time prior to its acceptance by the offeree." *Board of Control of Eastern Michigan University v. Burgess*, 45 Mich. App. 183, 186-187 (Mich. Ct. App. 1973); see also *Safeco Insurance Company v. City of White House*, 36 F.3d 540, 548 (6th Cir. 1994) ("an offer may be revoked at the will of the offeror any time before it is accepted.").

Here, there is evidence that on June 17, 2011, McCann informed Lemanski that Barrette Outdoor had revoked the offer. A few hours later, Lemanski acknowledged that the revocation in

4

writing. When Barrette Outdoor revoked the offer, Lemanski had not accepted its offer. Rather, it appears that Lemanski was proposing different terms for the agreement. Thus, Lemanski's conveyance of the signed offer on July 14, 2011 is of no effect, since Barrette Outdoor had already revoked the offer. Furthermore, Lemanski had already rejected Barrette Outdoor's offer. On June 16, 2011 Lemanski emailed McCann with proposed revisions to the offer. The proposed revisions included significant alterations of the terms proposed by Barrette Outdoor.

Several decades ago, the Michigan Supreme Court held that "[a]ny material departure from the terms of an offer invalidates the offer as made and results in a counter proposition, which, unless accepted, cannot be enforced." *Carrollton Acceptance Co. v. Ruggles Motor Truck Co.*, 253 Mich. 1, 5 (Mich. 1931). Thus, Lemanski's extensive revisions to Barrette Outdoor's offer was, in effect, a rejection of the offer.

Lemanski also submits that the entry of a summary judgment at this stage of the case would be premature inasmuch as discovery has not yet been completed. However, Lemanski's counterclaim was filed on March 22, 2012. In the opinion of the Court, the parties have had an opportunity to conduct sufficient discovery. Additionally, Lemanski has not indicated how the proposed discovery could alter those facts which have been established in this case. It is clearly established that Lemanski acknowledged to McCann on June 17, 2011 that Barrette Outdoor had rescinded its offer. Further, it is undisputed that Lemanski offered significant revisions to Barrette Outdoor's offer, constituting a rejection of that offer. There are no genuine issues of material fact that could be uncovered by discovery. Therefore, Barrette Outdoor is entitled to the entry of a summary judgment on Lemanski's counterclaim.

IV.

Barrette Outdoor submits that it is entitled to an award of attorneys' fees and costs under Fed. R. Civ. P. 11. Barrette Outdoor contends that Lemanski's counterclaim is frivolous and without evidentiary support. Rule 11 affords the Court with the discretion to award sanctions when a party submits pleadings, motions, or papers that are presented for an improper purpose, are not warranted by existing law or a non-frivolous extensions of the law, or if the allegations and factual contentions do not have evidentiary support. Fed. R. Civ. P. 11(b)(1) through (3).

Having reviewed the parties' relevant submissions, the Court denies Barrette Outdoor's motion for sanctions. In particular, the Court finds that the arguments put forward by Lemanski are not completely frivolous arguments with no factual or legal basis.

For the reasons outlined above, Barrette Outdoor's motion for summary judgment is granted (ECF 80). Barrette Outdoor's motion for sanctions is denied (ECF 81).

IT IS SO ORDERED.

Date: June 14, 2013                                       s/Julian Abele Cook, Jr.
                                                          JULIAN ABELE COOK, JR.
                                                          U.S. District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 14, 2013.

                                                          s/ Kay Doaks
                                                          Case Manager