UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRETTE OUTDOOR LIVING, INC.,

      Plaintiff,

v.                                                         Case Number: 11-13335
                                                           Honorable Julian Abele Cook, Jr.

MICHIGAN RESIN REPRESENTATIVES, JOHN H.
LEMANSKI, LISA J. WELLS, and TAMARA L.
TURNER

      Defendants.

ORDER

The Plaintiff, Barrette Outdoor Living, Inc. ("Barrette Outdoor"), commenced this action on July 29, 2011, by accusing the Defendants, Michigan Resin Representatives, LLC ("Michigan Resin"), John H. Lemanski, Lisa J. Wells, and Tamara L. Turner, of a variety of tortious activities (i.e., fraud, violations of fiduciary responsibilities, interference with an ongoing business activity, conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.). Currently before the Court is Lemanski's objections to a report and recommendation.

I.

On February 6, 2013, Barrette Outdoor filed a motion for sanctions against John Lemanski, alleging that he had intentionally destroyed evidence and violated this Court's discovery order. The Court referred this motion to Magistrate Judge Laurie Michelson. Following an evidentiary hearing, Magistrate Judge Michelson issued a report and recommendation granting, in part, Barrette

Outdoor's motion for sanctions. In particular, Magistrate Judge Michelson found that Lemanski had engaged in bad faith spoliation of evidence and recommended that Lemanski be sanctioned as follows:

> (1) Lemanski shall pay Barrette Outdoor $25,000.00 to compensate Barrette Outdoor for some of the fees and costs Barrette Outdoor incurred in bringing its spoliation motion;
>
> (2) Lemanski shall pay Barrette Outdoor $10,000.00 for Barrette Outdoor's increased expenses in conducting discovery and proceeding in this litigation without the spoliated evidence; and
>
> (3) at trial, there will be an adverse inference that Lemanski's cell phone and personal laptop contained information unfavorable to Lemanski, including that he was involved with MRR.

On May 1, 2013, Lemanski filed objections to this report.

The facts of this case are set forth in detail in this Court's prior orders. They need not to be repeated here. In brief summary, Barrette Outdoor brought suit alleging that Lemanski committed fraud during the course of his employment with Barrette Outdoor. Lemanski's position was terminated, and Barrette Outdoor began an investigation into the alleged fraud. The factual background as it relates to the currently pending motion is thoroughly set forth by Magistrate Judge Michelson in her report and recommendation. Neither party has objected to Magistrate Judge Michelson's factual findings. The Court will therefore adopt those portions of the report and recommendation.

## II.

A district court judge reviews de novo the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Objections must be timely to be considered. A party who receives notice of

the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519–20 (6th Cir.1999). "[A] party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* " '[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995)).

III.

Lemanski's first objection is that the adverse inference instruction is unduly harsh. In support of his position, Lemanski points to proposed changes to Federal Rule of Civil Procedure 37(e) that would limit the court's authority to impose sanctions when spoliation occurs. While these proposed changes may have merit, they are not currently the legal standard. The Court declines Lemanski's invitation to adopt rules of the Court that have not yet been authorized. Magistrate Judge Michelson's report noted that Lemanski deleted 270,000 files from his laptop shortly after Barrette Outdoor sought an order compelling Lemanski to produce the laptop for imaging. While an adverse inference is a harsh sanction, it is warranted in light of Lemanski's willful violation of this Court's prior order.

Second, Lemanski requests that the adverse inference given to the jury be permissive, rather than irrefutable. Given that Lemanski's spoliation was substantial, intentional, in bad faith, and occurred during active litigation, the Court finds that the adverse inference must be irrefutable. As noted in Magistrate Judge Michelson's report, Lemanski's conduct was in violation of the Court's order. This behavior requires a harsh sanction.

Finally, the Court notes that Barrette Outdoor's response to Lemanski's objections contains objections to the report and recommendation. The "response" does not reply substantively to Lemanski's objections, rather, it takes the filing opportunity to launch untimely objections. A party's failure to object to a magistrate judge's report within the time provided for filing objections operates as a waiver of that party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Therefore, the Court will not address Barrette Outdoor's untimely objections.

For the reasons stated above, the Court adopts the report and recommendation in its entirety, and in particular orders that:

> (1) Lemanski shall pay Barrette Outdoor $25,000.00 to compensate Barrette Outdoor for some of the fees and costs Barrette Outdoor incurred in bringing its spoliation motion;

(2) Lemanski shall pay Barrette Outdoor $10,000.00 for Barrette Outdoor's increased expenses in conducting discovery and proceeding in this litigation without the spoliated evidence; and

(3) at trial, there will be an adverse inference that Lemanski's cell phone and personal laptop contained information unfavorable to Lemanski, including that he was involved with MRR.

IT IS SO ORDERED.

Date: August 1, 2013                           s/Julian Abele Cook, Jr.
                                               JULIAN ABELE COOK, JR.
                                               U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 1, 2013.

                                               s/ Kay Doaks
                                               Case Manager