UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BARRETTE OUTDOOR LIVING, INC.

          Plaintiff,

    v.

                                        Case No. 11-13335
MICHIGAN RESIN REPRESENTATIVES, LLC;    Honorable Julian Abele Cook, Jr.
JOHN H. LEMANSKI, JR.; LISA J. WELLS; and
TAMARA L. TURNER

          Defendants.


<u>ORDER</u>

On July 29, 2011, the Plaintiff, Barrette Outdoor Living, Inc. ("Barrette Outdoor"), filed this lawsuit against the Defendants, Michigan Resin Representatives, LLC ("Michigan Resin") et al, whom it has accused of committing a variety of tortious activities (i.e., fraud, violations of fiduciary responsibilities, interference with an ongoing business activity, conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.). As of August 6, 2013, none of the Defendants in this matter are represented by counsel.[1]

Currently before the Court is Barrette Outdoor's motion for the issuance of a preliminary injunction that would prohibit the Defendant, John H. Lemanski, Jr. ("Lemanski"), from transferring, dissipating, or otherwise disposing of his assets during the pendency of this matter.

---

[1]On April 29, 2013, the Court entered a default against the Defendant, (Michigan Resin) because of its failure to retain counsel who would represent its interests in this action. (Order, ECF No. 125).

I.

The facts and the procedural history of this case have been described in detail in the prior orders of this Court. In summary, Barrette Outdoors alleges that Lemanski devised and executed a fraudulent "pass-through" scheme which caused it to incur substantial financial harm. According to the complaint, Lemanski, acting in his official capacity as the purchasing manager for Barrette Outdoors, created a shell company (to wit, Michigan Resin) for the sole purpose of instituting unlawful sales at inflated prices. Barrette Outdoors maintains that Lemanski received a substantial amount of Michigan Resin's profits in the form of cash kickbacks from those co-Defendants who facially appear to have been the primary persons involved in the day-to-day operation of the business.

On August 1, 2013, the Court entered an order that adopted the magistrate judge's report which recommended the imposition of a $35,000 spoliation sanction against Lemanski in addition to an adverse inference that "[his] cell phone and personal laptop contained information unfavorable to [him], including that he was involved with [Michigan Resin]." (Order, ECF No. 144 at 5). Barrette Outdoors seeks a monetary judgment against Lemanski and the co-Defendants presumably in the amount of the allegedly ill-begotten profits stemming from the pass-through scheme plus applicable interest, attorneys fees, and costs.

Now pending before the Court is a motion that was filed on March 6, 2014, in which Barrette Outdoors alleges that Lemanski has "begun a new campaign to dissipate and conceal assets . . . ." to thwart the legal process. (Plf's Mot., ECF No. 192 at 1). It is Barrette Outdoors' belief that Lemanski is attempting to dissipate his assets, noting that he (1) recently mortgaged his primary residence in exchange for $425,000 (*Id.* at Ex. 1), and (2) allegedly "used some of the proceeds from that loan to purchase at least three additional homes at auction for approximately $190,000." (*Id.* at

2

4; Ex. 2). Barrette Outdoors believes that, in the absence of a preliminary injunction, Lemanski will transfer all of his remaining assets to other parties, which, in turn, will diminish the likelihood of a full recovery if a judgment is attained in its favor.

II.

With recognition that preliminary injunctive relief is a drastic remedy, this  court has been urged to grant a preliminary injunction only under extraordinary circumstances. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008); *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion . . . . "). Thus, the movant carries the burden of proving that all of the relevant circumstances clearly demand a preliminary injunction. *See, e.g.*, *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

When considering a request for preliminary injunction, courts should apply a balancing test that includes four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*See, e.g., Winter*, 555 U.S. at 20. "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir.1997) (citing *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994)). However, a finding that there is no likelihood of irreparable harm or no likelihood of success on the merits is typically fatal to the request for preliminary injunction. *CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011) (citations omitted).

III.

Barrette Outdoors argues that an injunction is necessary to protect its equitable interest in Lemanski's assets. If the Court finds no equitable interest to be garnered through the normal legal process, Barrette Outdoors contends that a preliminary injunction is still warranted under those traditional factors which govern the entry of a preliminary injunction. As such, Barrette Outdoors seeks to obtain an order from this Court that will freeze Lemanski's assets pending the entry of a final judgment in this action. With recognition that the crux of the argument by Barrette Outdoors is that it will suffer irreparable harm if a preliminary injunction is not issued, the Court will undertake its analysis with this factor in mind.

The Sixth Circuit has specified that a party's harm is irreparable if it cannot be fully compensated by money damages. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). Under Fed. R. Civ. P. 65, the loss of the ability to collect a money judgment is not usually regarded as irreparable harm. The Supreme Court highlighted this point in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund Inc.,* 527 U.S. 308, 333 (1999), stating that "[t]he District Court lacked the authority to issue a preliminary injunction preventing [the defendant] from disposing of [its] assets pending adjudication" of a contract claim for money damages. The underlying message in *Grupo Mexicano* is relatively straightforward; namely, if the movant fails to show the existence of a property interest in the assets it seeks to control, the court generally lacks the power to issue prejudgment relief that will restrict the defendant's use of those assets. The Court also held that "a general creditor (one without a judgment) ha[s] no cognizable interest, either at law or in equity, in the property of his debtor, and therefore [cannot] interfere with the debtor's use of that property." *Id.* at 319-20.

4

In an effort to avoid *Grupo Mexicano,* Barrette Outdoors has attempted to establish an equitable interest in the proceeds of the previously cited fraudulent pass-through scheme. More specifically, Barrette Outdoors argues that the Court should impose a constructive trust over Lemanski's "Green Road Home, all additional homes he has purchased during the pendency of this litigation, the cash [that] he received from encumbering the Green Road Home, and the personal property . . . acquired [by him] since the scheme began in 2010." (Plf's Mot. 7). Even assuming, *arguendo,* that Barrette Outdoors has established an equitable right to the identified property, there is no escaping the fact that its complaint is devoid of any request for equitable relief. Indeed, Barrette Outdoors has failed to direct the Court to any post *Grupo Mexicano* decision which granted injunctive relief in the form of a prejudgment asset freeze notwithstanding the movant's failure to assert a right to an equitable remedy in its complaint. In fact, in  *State of Michigan v. Little River Brand of Ottawa Indians,* 5:05-CV-95, 2006 WL 2092415 (W.D. Mich. July 26, 2006), the court denied the plaintiff's pretrial request to freeze the defendant's assets on the ground that the "request for injunctive relief in the complaint [did] not implicate specific assets of the [d]efendants . . . ." *Id.* at *5.

Here, Barrette Outdoors has neither asserted any equitable claims in its complaint nor has it sufficiently articulated "a clear and close nexus to the assets sought to be enjoined." *Trustees of Sheet Metal Workers' Local Union No. 80 Pension Trust Fund v. Winchester Land, L.L.C.*, 722 F. Supp. 2d 826, 828 (E.D. Mich. 2010) (quoting *In re Qwest Communications Int'l, Inc. Sec. Litig.*, 243 F.Supp.2d 1179, 1183-84 (D.Colo.2003) ("The plaintiff's equitable claim must have a 'sufficient nexus to the assets sought to be enjoined, before a court may issue a prejudgment injunction freezing or limiting a defendant's use of his assets.'"). Moreover, "[t]he underlying substantive claim in this

5

case is monetary damages . . . which is clearly not an equitable remedy." *RBS Citizens, NA v. M-59 Tel. Petroleum LLC,* 2:12-CV-11193, 2013 WL 508324, *2 (E.D. Mich. Feb. 12, 2013) (plaintiff's request for temporary restraining order to freeze defendant's assets was denied because defendant had no provable property interest in funds at issue.). As such, any equitable relief that Barrette Outdoors may be entitled to obtain is contingent upon the success of its claim for money damages. *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210-211 (2002) ("Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages'. . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.").

While the Court acknowledges that *Groupo Mexicano* concerned a claim for contract damages, Barrette Outdoors has failed to address several decisions applying its holding in circumstances involving allegations of fraud. In *RBS Citizens*, for example, the plaintiff brought an action against the defendants alleging, *inter alia,* fraud and civil conspiracy. 2013 WL 508324 at *1. The plaintiff sought a temporary restraining order prohibiting the defendants from further encumbering or transferring its assets. *Id.* Following a brief discussion of *Grupo Mexicano,* the court had little trouble concluding that "Plaintiff's request for a TRO must be denied because Plaintiff has no property interest in [the] funds." *Id.* at *2. Indeed, similar to here, "[t]he underlying substantive claim . . . [was for] monetary damages . . . which is clearly not an equitable claim." *Id. See also Residential Finance Corp. v. Jacobs,* 2014 WL 682486, *3 (S.D. Ohio Feb. 21, 2014) (In the context of an action involving claims of fraud, unjust enrichment, and conversion, the court held that "even if Defendants' allegations are true, and Residential Finance is transferring its assets to PMAC, Defendants cannot demonstrate sufficient irreparable harm required for injunctive relief.").

6

Analyzing this claim through the preliminary injunction framework demands the same result. Indeed, even if the allegations about Lemanski's claimed wrongful acts of disposing his assets are correct, Barrette Outdoors has been unable to demonstrate the type of irreparable harm that is required for injunctive relief, as "monetary damages do not generally constitute irreparable harm." *Manakee Professional Medical Transfer Serv. V. Shalala,* 71 F.3d 574, 581 (6th Cir. 1995). As noted by *Grupo Mexicano* and its progeny, granting the requested injunctive relief would harm Lemanski and the public interest, "as the requirement that a creditor receive a judgment before being allowed to act upon a debtor's property 'goes to the substantive rights of all property owners.'" *RBS Citizens, NA.,* 2013 WL 508324 at *2 (citing *Grupo Mexicano,* 527 U.S. at 323.). Accordingly, the Court finds that (1) Barrette Outdoors has failed to establish irreparable harm in the absence of injunctive relief, and (2) said failure is an independently sufficient ground upon which to deny a preliminary injunction. *See In re De Lorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

IV.

For the reasons outlined above, Barrette Outdoor's motion for a preliminary injunction is denied. (ECF 192).

IT IS SO ORDERED.

Date: April 17, 2014                                s/Julian Abele Cook, Jr.
                                                    JULIAN ABELE COOK, JR.
                                                    U.S. District Judge

7

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 17, 2014.

<u>s/ Kay Doaks</u>
Case Manager