UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRETTE OUTDOOR LIVING, INC.
d/b/a U.S. FENCE INC.,

       Plaintiff,                      Case No. 11-cv-13335
                                                HON. GERSHWIN A. DRAIN

v.

MICHIGAN RESIN REPRESENTATIVES,
a Michigan limited liability company, *et al.*,

       Defendants.

_____/

## ORDER OVERRULING DEFENDANT JOHN H. LEMANSKI'S OBJECTION/APPEAL [#210] AND AFFIRMING MAGISTRATE JUDGE HLUCHANIUK'S SEPTEMBER 26, 2014 ORDER [#207]

### I.    INTRODUCTION

Presently before the Court is Defendant John H. Lemanski's Objections to Magistrate Judge Michael Hluchaniuk's Order Denying Defendant's Motion to Dismiss or, in the Alternative, to Compel Discovery, filed on October 14, 2014. For the reasons that follow, the Court will overrule Defendant's Objections and will affirm Magistrate Judge Hluchaniuk's Order denying Defendant's Motion to Dismiss or, in the Alternative, to Compel Discovery.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff manufactures and sells outdoor accessory products to the general public and purchases millions of pounds of resin each year in connection with its business. Plaintiff hired Defendant in 2007. The events giving rise to the instant action began in February of 2010 when Defendant was a Purchasing Manager at Plaintiff's Flint, Michigan facility. One of the essential duties of Defendant's position was to ensure that Plaintiff paid the lowest price possible for resin. The centerpiece of Plaintiff's claims concerns Defendant's purported scheme involving a "shell" company run by his sister and her roommate, who are also both named as defendants herein, for the purpose of reselling resin to Plaintiff at inflated prices. Specifically, Plaintiff alleges that the shell company purchased resin for approximately $3,800,000.00 from Resin Distribution Inc., and then resold the same resin to Plaintiff in an amount exceeding $4,200,000.00, with Defendant and his cohorts pocketing the difference.

The undersigned was recently reassigned to this matter on October 3, 2014. A review of the docket reveals that the instant dispute has a long and fiercely litigated procedural history. After several rulings on the parties' competing dispositive motions, all of Plaintiff's claims remain save for Plaintiff's claim for tortious inducement of breach of fiduciary duty, which Plaintiff voluntarily dismissed in

September of 2011. The judge who previously presided over this matter entered summary judgment in favor of Plaintiff on Defendant's Counterclaim in June of 2013.

Discovery closed on June 28, 2013. The discovery phase also similarly engendered extensive motion practice including several motions to compel brought by Plaintiff, as well as a motion for spoilation sanctions resulting in monetary sanctions and an adverse inference against Defendant that his cell phone and personal computer contained unfavorable information suggesting he was in fact involved with the shell company run by his sister and her roommate.

The instant objections arise from Defendant's Motion to Dismiss or, in the Alternative, to Compel Discovery, wherein Defendant argued that Plaintiff failed to adequately respond to his Second Set of Document Requests. Defendant has been representing himself in this action since a stipulated order allowing his counsel to withdraw was entered on August 6, 2013. As noted by the magistrate judge however, Defendant was represented by counsel during the discovery phase in this matter.

On April 2, 2013, Defendant's counsel sent correspondence to Plaintiff's counsel delineating deficiencies with respect to Plaintiff's responses to Defendant's Second Set of Document Requests. Thereafter, counsel for both parties had a face-to-face meeting and between April and June of 2013 worked out the issues with respect to Plaintiff's document production. This is evidenced by the fact that counsel for

Defendant never filed a Motion to Compel with respect to Defendant's Second Set of Document Requests. On November 10, 2013, Defendant, who declined to obtain new counsel, sent correspondence to Plaintiff's counsel indicating his belief that Plaintiff's document production was still incomplete. Plaintiff's counsel disagreed with Defendant's characterization of the document production but offered to meet with Defendant to discuss the matter. Defendant refused to meet with counsel; instead he filed his Motion to Dismiss or, in the Alternative, to Compel Discovery.

In denying Defendant's motion, the Magistrate Judge relied on the following facts: (1) Defendant's motion was "inexcusably tardy" having been "brought five months" after discovery closed, (2) the motion was filed without meeting with counsel as required by the Federal Rules of Civil Procedure and (3) the motion was misplaced in that Plaintiff had never been warned that dismissal was a potential sanction which is, at a minimum, required for a district court's imposition of the most severe sanction for discovery related abuses.

### III. LAW & ANALYSIS

#### A. Standard of Review

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

Any appeal of or objection to a magistrate judge's order must be made within fourteen days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. L.R. 72.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Objections that are only general and are not specific waive the right to appeal. *See Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991).

In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). "If two permissible views exist, a magistrate judge's decision cannot be 'clearly erroneous.'" *Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2010 U.S. Dist. LEXIS 111757, *2 (E.D. Mich. Oct. 20, 2010). Rule 72(a) provides considerable deference to the determinations of magistrate judges. *In re Search Warrants*, 889 F. Supp. 296, 298 (S.D. Ohio 1995).

**B.     Timeliness**

As an initial matter, Plaintiff argues that Defendant's objections should be overruled because they were untimely filed. Rule 6 of the Federal Rules of Civil Procedure governs the computation of any time period specified in the Federal Rules of Civil Procedure. Rule 6(a)(1) states:

> (1) *Period Stated in Days or a Longer Unit.*
> When the period is stated in days or a longer unit of time:
>     (A) exclude the day of the event that triggers the period;
>     (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>     (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1). Pursuant to Rule 72(a), Plaintiff was required to file his objections to Magistrate Judge Hluchaniuk's Order within fourteen days after service. *See* Fed. R. Civ. P. 72(a). Magistrate Judge Hluchaniuk issued his decision on September 26, 2014. Thus, the fourteen day deadline for the filing of objections began to run the following day, or on September 27, 2014, because the "day of the event that triggers the period" is excluded under Rule 6(a)(1).

As such, the period for filing objections ended on Saturday, October 11, 2014, or fourteen days from September 27, 2014. Defendant's objections therefore were not due until Tuesday, October 14, 2014, which was the "next day that [w]as not a

Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).[1] Accordingly, Defendant's objections were timely filed under the applicable rules.

### C. Objections

Defendant raises nine objections to Magistrate Judge Hluchaniuk's Order denying his Motion to Dismiss or, in the Alternative, to Compel Discovery. None of Defendant's objections demonstrate that Magistrate Judge Hluchaniuk's decision was clearly erroneous or contrary to law. The Magistrate Judge correctly applied the controlling authority concerning discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure to the facts of this case.

Defendant first objects claiming that the Magistrate Judge erroneously concluded that Defendant's motion failed to identify the specific documents sought. Defendant's objection focuses on electronically stored information (ESI) related to a spreadsheet that Defendant has admitted he created. This spreadsheet contains columns that suggest Defendant knew the shell company would earn a profit from reselling resin to Plaintiff. Defendant's objection is inexplicable; his contention that "Plaintiff has not provided ESI of a now proven fraudulently fabricated spreadsheet" is plainly without merit since he admitted during his deposition that he created the spreadsheet. In any event, the Magistrate Judge correctly found that Defendant's

---

[1] Monday, October 13, 2014 was a federal holiday.

excessively untimely motion to compel, which was filed without any good faith effort to resolve the purported deficiencies with Plaintiff's document production, warrants the denial of compelling Plaintiff to produce purportedly withheld documents.

Defendant further argues that the Magistrate Judge erroneously concluded that Defendant failed to identify the specific documents that were sought by his motion. This objection is similarly curious as Defendant's motion did in fact fail to articulate the specific documents sought. Even if Defendant had properly described the documents he had yet to receive, the Magistrate Judge correctly concluded that Defendant's motion was woefully late, and in any event, the dispute concerning his Second Set of Document Requests had been resolved by his former counsel by June of 2013. This objection likewise lacks merit.

Next, Defendant objects to the Magistrate Judge's conclusion that Defendant was represented by very able counsel for over two years during the case. The Court fails to discern how this objection establishes the Magistrate Judge's decision was clearly erroneous with respect to its conclusion concerning the propriety of discovery sanctions or to compel unidentified documents. This objection warrants no further discussion.

Defendant's next objection that it was erroneous for the Magistrate Judge to conclude prior counsel had resolved the issues concerning Plaintiff's document

production also requires no further analysis. Defendant fails to point to any evidence in the record demonstrating that the Magistrate Judge's conclusion was clearly erroneous.

Defendant also maintains that it was error for the Magistrate Judge to conclude that Defendant's 38-page, 320-paragraph affidavit suggests an ability to defend this case on the present record. This objection likewise lacks merit as Defendant's protestations that he requires "numerous[,]" yet unidentified documents fails to explain how the purported missing discovery relates to any of the claims or defenses in this action. This objection is without merit.

Additionally, Defendant's next objection – that his untimely motion does not preclude remedies under the Federal Rules of Civil Procedure– is unsupportable in law or fact. In any event, the Court agrees with the Magistrate Judge that Defendant's Motion to Dismiss or, in the Alternative, to Compel Discovery was extremely untimely. Defendant has failed to establish good cause for demonstrating the reason for his untimely motion regarding purported discovery abuses. Defendant's claims that he was unaware of outstanding production is without any legitimate basis in the record.

Next, Defendant argues that the Magistrate Judge incorrectly concluded that Plaintiff was not previously warned about discovery sanctions. This objection

demonstrates Defendant's lack of understanding of the Federal Rules of Civil Procedure. Defendant suggests that Plaintiff counsel's awareness of his obligations pursuant to the Rules of Professional Conduct and the Federal Rules of Civil Procedure is sufficient warning to warrant the most severe sanction permitted under Rule 37 of the Federal Rules of Civil Procedure. Defendant misapprehends clear authority that such awareness does not amount to a district court's repeated warnings concerning a party's discovery abuses. Even if Defendant could establish sanctionable conduct on the part of Plaintiff's counsel, it would be an abuse of discretion for this Court to impose the most severe sanction without any prior warning that dismissal was a potential outcome.

Defendant also complains that he did not have an obligation to meet and confer with Plaintiff's counsel concerning the purported deficient document production. This argument also demonstrates Defendant's misunderstanding of his obligations under the Federal Rules of Civil Procedure and this Court's local rules. This objection requires no further discussion other than a warning from this Court that further motion practice without an honest, good faith effort to resolve disputes will not be tolerated.

Lastly, Defendant claims that the Magistrate Judge failed to thoroughly analyze the dismissal portion of his Motion to Dismiss or, in the Alternative, to Compel Discovery. Contrary to Defendant's argument, the Magistrate Judge's order contains

a well-reasoned and thorough analysis of this aspect of Defendant's motion. *See* Dkt. No. 207 at 5-7. This objection likewise lacks merit.

## IV. CONCLUSION

For the foregoing reasons, Magistrate Judge Hluchaniuk's September 26, 2014 Order Denying Defendant's Motion to Dismiss or, in the Alternative, to Compel Discovery [#207] is AFFIRMED and Defendant Lemanski's Appeal of the Order/Objection to the Order [#210] is OVERRULED.

SO ORDERED.

Dated: December 4, 2014            /s/Gershwin A Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge