UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRETTE OUTDOOR LIVING, INC.
d/b/a U.S. FENCE INC.,

       Plaintiff,                                  Case No. 11-cv-13335
                                                    HON. GERSHWIN A. DRAIN

v.

MICHIGAN RESIN REPRESENTATIVES,
a Michigan limited liability company, *et al.,*

       Defendants.

_____/

### ORDER DENYING DEFENDANT LEMANSKI'S MOTION FOR RECONSIDERATION [#217]

Presently before the Court is Defendant John H. Lemanski's Motion for Reconsideration, filed on December 29, 2014. Defendant seeks reconsideration of this Court's December 4, 2014, Order Overruling his Objections to Magistrate Judge Michael Hluchaniuk's Order Denying Defendant's Motion to Dismiss or, in the Alternative, to Compel Discovery. Upon review of Defendant's present motion, the Court concludes that Defendant has failed in his burden to show a palpable defect by which this Court has been misled nor that a different disposition of this Court's December 4, 2014, Order is warranted.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled

-1-

>upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

A party may also move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of a court's prior ruling. Reconsideration is generally warranted under Rule 59(e) "if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Similar to the local rule, Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000). A Rule 59(e) motion is "an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Here, Defendant is merely rearguing positions raised in his Objections which have already

been considered by this Court. Such arguments are not properly brought under Local Rule 7.1(h)(3) or Rule 59(e). Defendant suggests that Plaintiff's purported discovery abuses warrant the dismissal of the Complaint.[1] Defendant's disagreement with this Court's December 4, 2014, Order does not justify reconsideration. Moreover, Defendant's assertion that this Court has somehow applied "new standards of review" to his Objections is wholly without merit and warrants no further discussion. *See* Mot. at 9.

Accordingly, Defendant's attempt to obtain reversal of this Court's December 4, 2014, Order by presenting arguments already ruled on by this Court and by raising frivolous arguments without support in the law or record warrant the denial of the instant motion. Defendant's Motion for Reconsideration [#217] is therefore DENIED.

SO ORDERED.

Dated: January 7, 2015    /s/Gershwin A Drain
                          GERSHWIN A. DRAIN
                          UNITED STATES DISTRICT JUDGE

---

[1] Defendant's misunderstanding of the Federal Rules of Civil Procedure continues to negatively impact his submissions to the Court. Defendant mistakenly argues that summary disposition should be entered in his favor even though his arguments concerning alleged discovery misconduct would be appropriate for dismissal pursuant to Rule 37 and not Rule 56.