UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRETTE OUTDOOR LIVING, INC.,
d/b/a U.S. FENCE INC.,

    Plaintiff,

                                                                    Case No. 11-cv-13335
                                                                  HON. GERSHWIN A. DRAIN

v.

MICHIGAN RESIN REPRESENTATIVES, LLC,
JOHN H. LEMANSKI, JR.,
LISA J. WELLS,
TAMARA L. TURNER,

    Defendants.
_____/

## ORDER DENYING DEFENDANT JOHN H. LEMANSKI'S MOTION TO EXCEED PAGE LIMIT [#219]

Presently before the Court is Defendant Lemanski's Motion to Exceed the Page Limit in relation to his Motion in Limine [#220], both filed on January 6, 2015. Defendant asserts that he should be granted leave to file in excess of the page limit because he intends to establish that Barrette has made false representations; to refute false allegations; and to preserve efficient adjudication of the court. Dkt. No. 219. Defendant thereby requests that he be able to submit up to a 37-page brief.

Upon review of the Defendant's motion, the Court concludes that Defendant has failed to demonstrate good cause for exceeding the page limit set forth in this Court's local rules. *See* E.D. Mich. L.R. 7.1(d)(3)(A). Motions *in limine* serve a limited purpose. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). As an initial matter, Defendant Lemanski should be

advised that, "[a] motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.* (citing *Luce v. United States*, 469 U.S. 38, n.2 (1984). "'[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (citing *Bradley v. Pittsburgh Bd. of. Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

Defendant, however, puts forth general reasons for his need for excess pages that are not aligned with the limited and, primarily, procedural purpose of this type of motion. The Court finds that Defendant's evidentiary arguments can be made within the 25-page limit. As a final matter, the Court **ORDERS** that Defendant reform his brief in accordance with the local court rules regarding format and type size. *See* E.D. Mich. L.R. 5.1(a)(1)-(3).

Accordingly, Plaintiff's Motion to Exceed the Page Limit [#219] is **DENIED**.

Defendants's Motion in Limine [#220] is **HEREBY STRICKEN**.

The Court **FURTHER ORDERS** Defendant to file a new Motion in Limine in accordance with this Court's local rules, in regard to page limits, format, and type size, **no later than Noon EST on Monday, January 12, 2015**.

Plaintiff may file a Response to Defendant's Motion in Limine by **Tuesday, January 20, 2015, no later than Noon EST**.

SO ORDERED.

Dated: January 8, 2015

/s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE